ESTATE OF J. W. KIRKPATRICK, DECEASED, SCOTT KIRKPATRICK, EXECUTOR, AND JULIA KIRKPATRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ESTATE OF J. W. KIRKPATRICK v. COMMISSIONER
Docket No. 35715-87
United States Tax Court
T.C. Memo 1991-110; 1991 Tax Ct. Memo LEXIS 134; 61 T.C.M. (CCH) 2147; March 14, 1991, Filed *134 Decision will be entered under Rule 155. Thompson Kirkpatrick, for the petitioners. Edsel Ford Holman Jr., for the respondent. SHIELDS, Judge. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION In separate notices of deficiency dated July 29, 1987, respondent determined deficiencies in petitioners' Federal income tax for 1979 and 1980 as follows: Year Deficiency
1979
$ 134,641.89
1980
2,990.76
Respondent has conceded the deficiency determined for 1980 with respect to Julia Kirkpatrick and the only issues remaining are: (1) Whether the period of limitation on assessment against the Estate of J. W. Kirkpatrick for 1979 and 1980, and against Julia Kirkpatrick for 1979, expired prior to respondent's issuance of the notices of deficiency, and (2) whether Julia Kirkpatrick qualifies under section 6013 [1] as an innocent spouse with respect to the 1979 deficiency. *135 FINDINGS OF FACT The legal residence of the Estate of J. W. Kirkpatrick and of Julia Kirkpatrick, the widow of J. W. Kirkpatrick, was Memphis, Tennessee, at the time the joint petition was filed in this case. Unless otherwise indicated, all references hereinafter to petitioner in the singular are to Julia Kirkpatrick and in the plural to Julia Kirkpatrick and the Estate of J. W. Kirkpatrick. On October 15, 1980, J. W. Kirkpatrick and Julia Kirkpatrick filed pursuant to an extension a joint income tax return for 1979. J. W. Kirkpatrick (decedent) died on June 21, 1981, and Scott Kirkpatrick III qualified as the executor of his estate (the estate). On October 15, 1981, Scott Kirkpatrick III, as executor of the estate, and Julia Kirkpatrick, as the surviving widow of J. W. Kirkpatrick, filed pursuant to an extension a joint income tax return for 1980. In April of 1982, Scott Kirkpatrick III, as executor of the estate, and Julia Kirkpatrick individually, executed and filed with respondent a Form 2848, Power of Attorney and Declaration of Representative. The power of attorney authorized Grover R. Bass, a Certified Public Accountant, to represent the estate and Mrs. Kirkpatrick *136 before respondent in all tax matters for the years 1979 and 1980. On April 13, 1983, Grover R. Bass, as attorney in fact for petitioners, executed and filed with respondent a Form 872, Consent to Extend the Time to Assess Tax. On April 14, 1983, the Form 872 for 1979 was duly executed on behalf of respondent. This Form 872 extended the time within which any income tax due for 1979 could be assessed to April 15, 1984. On January 29, 1984, Scott Kirkpatrick III, as executor of decedent's estate, and Julia Kirkpatrick individually, executed and filed with respondent a Form 872-A, Special Consent to Extend Time to Assess Tax, for 1979. On February 13, 1984, the Form 872-A for 1979 was duly executed on behalf of respondent. On May 15, 1984, Scott Kirkpatrick III, as executor of the estate, executed and filed with respondent a Form 872-A for 1980. On September 25, 1984, the Form 872-A for 1980 was duly executed on behalf of respondent. Julia Kirkpatrick did not execute the Form 872-A for 1980. On March 28, 1985, respondent mailed to petitioners a letter which enclosed a report of respondent's examination of their 1979 and 1980 returns and offered them a conference with respondent's *137 local Appeals Office with respect to the adjustments proposed in the report. The letter, which is usually referred to as a 30-day letter, did not constitute a deficiency notice and did not result in a termination of the Forms 872-A theretofore executed by the parties. On July 29, 1987, respondent mailed notices of deficiency for 1979 and 1980 to petitioners. Julia Kirkpatrick's adjusted gross income for 1986 was $ 32,705. OPINION At the conclusion of the trial of this case, the parties were directed, pursuant to Rule 151, to file simultaneous opening briefs by September 10, 1990, followed by simultaneous reply briefs by October 24, 1990. Respondent filed an opening brief in accordance with the Court's direction. Petitioners have not filed briefs even though the due date was extended by the Court. Under these circumstances we could declare petitioners in default and dismiss their case. Rule 123; , affd. without published opinion ; . We decline to do so, however, and will decide the case on the basis *138 of the stipulation of facts and its attached exhibits, plus the record made at the trial, and respondent's brief. Statute of Limitations
Generally, an income tax must be assessed within three years after the applicable return is filed. Sec. 6501(a). However, before the expiration of the three-year period, the Commissioner and the taxpayer may consent in writing to extend the three-year period. Sec. 6501(c)(4). The usual power of attorney, Form 2878, provides an agent for the taxpayer, such as an attorney or a certified public accountant, with authority to extend the assessment period for his principal. E.g. . The bar of the statute of limitations is an affirmative defense and the party pleading it has the ultimate burden of proof, which is sometimes referred to as the ultimate burden of persuasion, as to that issue. Rule 142(a); . In a typical case such as the one before us, a petitioner pleading the statute of limitations establishes a prima facie case by showing that the statutory notice was mailed beyond the three-year period *139 provided by section 6501(a). The burden of going forward with the evidence then shifts to respondent to demonstrate that the three-year period is not applicable. . See , affg. . If respondent makes such a showing, which is usually done with the introduction of an extension executed by or for the parties, the burden of going forward with the evidence shifts back to petitioner to show that the extension or other alleged exception does not apply. The burden of ultimate persuasion, however, never shifts from petitioner. See , affg. ; In this case, petitioners contended at trial that the three-year period provided by section 6501(a) expired with respect to 1979 before the notices of deficiency were issued because Grover R. Bass did not have authority to execute the Form 872 for 1979. Consequently, according to petitioners, *140 the subsequent Forms 872-A executed by petitioners were invalid as to 1979 and the assessment period expired with respect to 1979 before the notices of deficiency were mailed to petitioners. However, the parties have stipulated into the record a copy of a power of attorney, Form 2848, executed by petitioners in April of 1982, and a copy of a Form 872 executed by Grover R. Bass as attorney in fact for petitioners on April 13, 1983 and for respondent on April 14, 1983. These documents, which are valid on their face, clearly indicate that petitioners acting by and through their duly-authorized attorney in fact agreed with respondent to extend the assessment period with respect to 1979 to April 15, 1984. The parties have also stipulated into the record a copy of a Form 872-A executed by petitioners on January 29, 1984, and for respondent on February 13, 1984. This document, which is valid on its face, clearly indicates that petitioners agreed with respondent to extend the assessment period with respect to 1979 indefinitely unless terminated as therein set out. The record contains no evidence of any attempt by either party to terminate this Form 872-A in accordance with its terms. *141 The parties have also stipulated into the record a copy of a Form 872-A duly executed for the Estate of J. W. Kirkpatrick on May 15, 1984 and for respondent on September 25, 1984. This document, which is valid on its face, clearly indicates that the estate agreed with respondent to extend the assessment period with respect to 1980 indefinitely unless terminated as therein set out. The record contains no evidence of any attempt by either party to terminate this Form 872-A in accordance with its terms. From the foregoing documents it is apparent, and we so find, that prior to July 29, 1987, the date upon which the deficiency notices were mailed to petitioners, the appropriate parties had executed written agreements under which the assessment period with respect to the liability of both petitioners for 1979 and the liability of the Estate of J. W. Kirkpatrick for 1980 was extended indefinitely. At trial petitioners also contended that the 30-day letter mailed by respondent to petitioners on March 28, 1985, constituted a deficiency notice which terminated the Forms 872-A 90 days after March 28, 1985, and before the deficiency notices were mailed on July 29, 1987. This contention *142 has no merit. A Form 872-A can only be terminated in the manner set forth therein which does not include the mailing by respondent of a 30-day letter. , affg. a Memorandum Opinion of this Court. Finally, petitioners argue that the indefinite periods for assessment agreed to in the Forms 872-A for 1979 and 1980 terminated upon the expiration of a reasonable period of time after the execution of the forms. This and similar contentions have been considered and rejected on numerous occasions. See , affg. a Memorandum Opinion of this Court; , affg. an unreported decision of this Court; (Court Reviewed); . Innocent Spouse
Julia Kirkpatrick contends that she is not liable for the deficiency for 1979 because she is an innocent spouse within the meaning of section 6013(e). A husband and wife may file a joint return even though *143 one of them has no gross income or claims no deductions. Sec. 6013(a). If a joint return is filed the liability of the spouses is joint and several. Sec. 6013(d)(3). However, one of the parties to a joint return may be relieved of his or her liability for certain items attributable to the other spouse if the requirements of section 6013(e)(1) are met. Those requirements are: (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, and that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement * * *
In addition to the above requirements, if the substantial understatement is attributable to a grossly erroneous claim of a deduction, credit, or basis, an individual seeking innocent spouse relief must establish that the deficiency exceeds *144 a certain percentage of his or her adjusted gross income for the year preceding the year in which the deficiency notice was mailed or 1986 in this case. Sec. 6013(e)(4). The burden is on petitioner to prove that she is entitled to innocent spouse relief. , affg. in part and revg. in part a Memorandum Opinion of this Court; . She has established that she filed a joint income tax return with her husband for 1979. In addition, as required by section 6013(e)(4), she has established that the deficiency for 1979 is greater then 25 percent of her adjusted gross income for 1986. However, from the record before us we cannot find that she has established the other requirements of 6013(e). Specifically, petitioner has not established that the understatement of tax was due to grossly erroneous items, that she did not know nor had reason to know of the understatement, and that she did not significantly benefit from the understatement. Accordingly, we conclude that Julia Kirkpatrick is not entitled to relief as an innocent spouse under section 6013. *145 Due to concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩